IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| STEVE TESCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | |
| KYNDRYL, INC. | ) | **Removal from** |
| | ) | **Jackson County Circuit Court** |
| Defendant. | ) | **Case No. 2516-CV38028** |

## <u>NOTICE OF REMOVAL</u>

Defendant Kyndryl, Inc. ("Kyndryl" or "Defendant"), by and through undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby removes to this Court a lawsuit filed against it by Plaintiff Steve Tesch ("Plaintiff") currently pending in the Circuit Court of Jackson County, Missouri (Case No. 2516-CV38028).  In support of its Notice of Removal, Kyndryl states as follows:

1.      On November 19, 2025, Plaintiff filed his Petition against Kyndryl in the Circuit Court of Jackson County, Missouri, purporting to allege claims for age and national origin discrimination and retaliation in violation of the Missouri Human Rights Act, Mo. Rev. Stat. §§ 213.010, *et. seq* ("MHRA").

2.      Kyndryl was served with a copy of Plaintiff's Petition on December 18, 2025. *See* Service of Process, incorporated herein and attached hereto as **Exhibit A**.

3.      The Notice of Removal is being filed within thirty (30) days of service of process on Kyndryl.

4.      A copy of all process, pleadings and orders served upon Kyndryl is attached hereto as **Exhibit B** ("State Court File").

5.      The Circuit Court of Jackson County, Missouri, where this case was originally filed, is located within the Western District of Missouri, Western Division.  *See* 28 U.S.C. §§ 105(b)(1); L.R. 3.2(a)(1)(A).  Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1441 because it is "the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

6.      The instant lawsuit is one which may be removed to this Court by Kyndryl pursuant to 28 U.S.C. § 1332 by virtue of diversity jurisdiction in that the lawsuit is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## A.  <u>Complete Diversity of Citizenship Exists.</u>

7.      Plaintiff is a citizen of the State of Missouri.  *See* Petition ¶ 1.

8.      Kyndryl is a Delaware corporation with its principal place of business in New York, NY. *See* Missouri Secretary of State Business Search, attached hereto as **Exhibit C**.

9.      Accordingly, Kyndryl is a citizen of Delaware and New York for the purposes of removal. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business").

10.     Therefore, complete diversity of citizenship exists between the parties.

## B.  <u>The Amount in Controversy is Met.</u>

11.     When seeking removal under 28 U.S.C. § 1332, the removing party is tasked with "show[ing] by a preponderance of the evidence the claims originally asserted by [Plaintiff] could, that is might, legally satisfy the amount in controversy requirement."  *Eisler v. Med. Shoppe Int'l,*

*Inc.*, No. 4:05-cv-2272-JCH, 2006 U.S.Dist. LEXIS 6516, *3-4 (E.D. Mo. 2006) (quoting *James Neff Kramper Family Farm Partnership v. IBP, Inc.*, 393 F.3d 828, 831 (8th Cir. 2005)).

12. "More precisely, the defendant must show by a preponderance that a fact finder '*might* legally conclude' that damages exceed $75,000." *Yaeger v. Wyndham Vacation Resorts, Inc.*, No. 4:14-cv-795-JCH, 2014 U.S.Dist. LEXIS 92276, *5-6 (E.D. Mo. 2014) (citing *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 944 (8th Cir. 2012) (emphasis in original)); *see also Smith v. AT&T*, No. 4:19-CV-881-RK, 2020 U.S. Dist. LEXIS 75138, at *3 (W.D. Mo. 2020) (the inquiry is "not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are").

13. Thus, "the defendant need only show a fact finder could legally award more than $75,000." *Smith*, 2020 U.S. Dist. LEXIS 75138 at *3 (citing *Hartis v. Chicago Title Ins. Co.*, 656 F.3d 778, 781 (8th Cir. 2009)). "The defendant's burden is a pleading requirement, not a demand for proof." *Id.*

14. When determining whether the requisite jurisdictional amount has been met, courts consider in the aggregate all forms of relief requested, including actual damages, emotional distress, punitive damages and statutory attorneys' fees. *Crawford v. F. Hoffman La Roche*, 267 F.3d 760, 766 (8th Cir. 2001) (punitive damages and statutory attorneys' fees count in the calculation of amount in controversy); *Larkin v. Brown*, 41 F.3d 387, 389 (8th Cir. 1994) (actual damages and punitive damages count toward the amount in controversy); *Riffert v. Walgreen Co.*, 2008 U.S. Dist. LEXIS 12751 (E.D. Mo. 2008) (emotional distress, punitive damages, and attorneys' fees included in calculation of amount in controversy).

15. In this case, Plaintiff brought three claims against Kyndryl seeking "damages for loss of income, embarrassment, humiliation, emotional distress, damage to his reputation,

3

diminution in earnings capacity, and other damages as yet undetermined," and "damages in the future."  Plaintiff also seeks punitive damages and attorneys' fees. *See* Petition ¶¶ 41-42, 53-54 and the "WHEREFORE" clauses following each count.

16. In addition, Plaintiff claims he suffered damages including "economic loss in the form of lost wages and lost benefits, future wages and lost earnings, and emotional and mental distress." *See* Petition ¶ 65.

17. Plaintiff alleges his employment ended on or about October 29, 2024. *See* Petition ¶ 17.

18. At the time of Plaintiff's separation from employment, Plaintiff was earning approximately $8905.51/month, or about $106,866 per year.  *See* Plaintiff's Compensation History, attached hereto as **Exhibit D**.

19. "[B]ased on authority and common sense, it is appropriate to factor into an amount-in-controversy calculation the amount of lost wages that will accrue through trial, provided that the plaintiff would be entitled to that amount if successful and there is adequate evidence from which to determine the amount." *Fenlon v. Burch*, No. 4:15-cv-185-JCH, 2015 U.S. Dist. LEXIS 26167, *8-9 (E.D. Mo. 2015).

20. Plaintiff's alleged (but disputed) lost wages to date are already beyond the $75,000 threshold and will continue to accrue through the date of trial.

21. As such, Plaintiff's alleged lost wages alone are sufficient by themselves to meet the amount in controversy.

22. Moreover, in establishing the jurisdictional requirement of over $75,000, this Court can also consider the fact that Plaintiff seeks an unspecified amount for alleged emotional distress, punitive damages, and attorneys' fees.  *Smith v. AT&T*, No. 4:19-CV-881-RK, 2020 U.S. Dist.

LEXIS 75138, at \*4 (W.D. Mo. 2020) ("Although Plaintiff does not quantify her emotional distress damages or punitive damages, Defendant correctly posits those damages may be considered when determining whether the amount in controversy is satisfied."); *Poole v. Brinker Mo.*, 2007 WL 9805603, 2007 U.S. Dist. LEXIS 108937, \*4 (E.D. Mo. 2007) (removing an MHRA claim where unspecified emotional distress damages and/or attorney's fees were likely to push the amount in controversy above $75,000).

24.     Additionally, when state law allows a plaintiff to seek punitive damages, the claim "will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum." *Frump ex rel. Aubuchon v. Claire's Boutiques, Inc.*, No. 10-1106-CV-W-SWH, 2011 WL 1103055, at \*4 (W.D. Mo. 2011). The MHRA permits recovery of punitive damages, *see* Mo. Rev. Stat. § 213.111(2).

25.     There is no "bright-line" rule regarding the ratio of punitive to compensatory damages, but a one-to-one ratio has previously been used for purposes of establishing the amount in controversy for federal diversity jurisdiction.  *See Frump v. Claire's Boutiques, Inc.*, 2011 WL 1103055, 2011 U.S. Dist. LEXIS 29667, \*18 (W.D.Mo. 2011).

26.     When the available potential damages are aggregated in this case there is no doubt that the amount in controversy requirement has been satisfied.

27.     Therefore, the amount in controversy requirement is met for diversity jurisdiction.

28.     This Notice of Removal is accompanied by written Notice to Plaintiff, and a written Notice to Clerk of Removal filed with the Clerk of the Circuit Court of Jackson County, Missouri, on this date, all as required by 28 U.S.C. § 1446(d).

29.     After filing this Notice of Removal, Kyndryl will promptly file a copy of this Notice of Removal with the Circuit Court of Jackson County, Missouri, Case No. 2516-CV38028, will

5

serve a copy on Plaintiff through his counsel of record, and will file the Notice with this Court following receipt of the state court acknowledgement. *See* 28 U.S.C. § 1446(b) and (d).

30. By removing the case, Kyndryl is not waiving any defense, jurisdictional or otherwise, which it may possess. Kyndryl also does not concede that Plaintiff has stated any proper claim against it.

WHEREFORE, Defendant Kyndryl, Inc., hereby requests removal of this case from the Circuit Court of Jackson County, Missouri, to this Honorable Court, and for such other and further relief that the Court deems just and proper.

Respectfully submitted,

*/s/Jessica L. Liss*
Jessica L. Liss, #51331MO
Morgan E. Knott #71974MO
JACKSON LEWIS P.C.
1 N. Brentwood Blvd., Suite 1150
St. Louis, MO  63105
Telephone:  (314) 827-3939
Facsimile:  (314) 827-3940
jessica.liss@jacksonlewis.com
morgan.knott@jacksonlewis.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2026, a true and accurate copy of the foregoing was filed electronically via the Court's CM/ECF system and served via electronic mail upon the following counsel of record:

Gene P. Graham, Jr.
Taylor M. Arri
White, Graham, Buckley & Carr L.L.C.
19049 E. Valley View Pkwy, Suite C
Independence, MO 64055
ggraham@wagblaw.com
tarri@wagblaw.com

*Attorneys for Plaintiff*

*/s/Jessica L. Liss*

4938-2102-0294, v. 1

6