**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| STEVE TESCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:26-cv-00036-DGK |
| | ) | |
| KYNDRYL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING MOTION TO DISMISS

This lawsuit arises out of Plaintiff Steve Tesch's employment with Defendant Kyndryl, Inc. ("Kyndryl"). Plaintiff alleges Kyndryl included him in a company-wide reduction in force on the basis of his age (Count I) and national origin (Count II), and in retaliation for making a formal complaint about being selected for the reduction in force because of his age (Count III), all in violation of the Missouri Human Rights Act ("MHRA").

Now before the Court is Kyndryl's motion to dismiss two theories under Count III for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). ECF No. 8. Because Plaintiff cannot establish a prima facie retaliation claim under either of these two theories, the motion is GRANTED. Plaintiff's retaliation claims based on (1) his termination and (2) the failure to investigate or meaningfully reply to his complaint are DISMISSED WITH PREJUDICE for failure to state a claim.

### Standard of Review

A claim may be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, a court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to" the plaintiff.

*Stodghill v. Wellston School Dist.*, 512 F.3d 472, 476 (8th Cir. 2008). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff need not demonstrate the claim is probable, only that it is more than just possible. *Id.*

In reviewing the complaint, a court construes it liberally and draws all reasonable inferences from the facts in the plaintiff's favor. *Monson v. Drug Enforcement Admin.*, 589 F.3d 952, 961 (8th Cir. 2009). A court generally ignores materials outside the pleadings but may consider materials that are part of the public record or materials that are necessarily embraced by the pleadings. *Miller v. Toxicology Lab. Inc.*, 688 F.3d 928, 931 (8th Cir. 2012).

**Background**

For purposes of ruling on the pending motion, the Court finds the facts to be as follows. Kyndryl employed Plaintiff since September 2021, and prior to September 2024 he never received any complaints or criticism about his work.

On or about October 1, 2024, Defendant Kyndryl announced a company-wide reduction in force. Plaintiff's manager told him at that time that he would not be affected by the reduction in force. On October 15, 2024, however, Plaintiff's manager informed him that he would be impacted by the reduction in force and that his last day of work would be on October 29, 2024. Kyndryl was attempting to replace older employees and workers based in the United States with younger, foreign workers to save money.

2

On October 22, 2024, Plaintiff made a "formal complaint" reporting he was selected for the reduction in force due to his age. Pet. ¶ 27, ECF No. 1-3. He asked for a copy of how many people had been eliminated and their ages, as well as evidence that his termination was made within the neutral reduction in force guidelines. Plaintiff never received any formal follow-up or a response from the human resource department.

On October 29, 2024, Plaintiff received an email stating that his complaint could not be substantiated. Between October 28, 2024, and March 2025, Plaintiff applied to approximately fifty job openings through Kyndryl's career job website that he was qualified for and Kyndryl never interviewed him for any of the positions.

In support of his retaliation claim, Plaintiff alleges he "reported and objected to incidents of age discrimination," and Kyndryl retaliated against him by "failing to properly investigate his complaints, failing to meaningfully reply to his complaints, [and] terminating his employment, and failing to interview, respond, or hire him for jobs he was qualified for." *Id*. ¶¶ 57, 58, and 60. Plaintiff contends that he was retaliated against because he allegedly "reported and opposed the age discrimination against him." ¶ 27.

**Discussion**

The parties agree that to state a prima facie claim for retaliation under the MHRA, Plaintiff must show he was (1) engaged in a protected activity; (2) he suffered an adverse employment action; and (3) there was a casual connection between the two.[1] They also agree that a causal relationship exists where the desire to retaliate was the but for cause of the adverse action. In this case, Plaintiff did not complain about age discrimination until after his manager told him he would be terminated as part of the reduction in force. Thus, the Court holds his

---

[1] Both parties cite the same case as authority: *Williams v United Parcel Service, Inc.*, 963 F.3d 803, 807 (8th Cir. 2020), an Eighth Circuit case dealing with a retaliation claim brought under 42 U.S.C. § 1981.

complaint could not have been the "but-for" cause of his termination, and he cannot establish a prima facie claim of retaliation based on his termination.

Plaintiff's alternate/additional theory that Kyndryl retaliated by failing to meaningfully investigate and respond to his age-discrimination complaint suffers a similar fate. Kyndryl argues that allegedly not properly investigating or "meaningfully" replying to his discrimination complaint do not constitute the kind of adverse actions that can support a retaliation claim. Kyndryl cites a Missouri Supreme Court case for support: *Kader v Board of Regents of Harris-Stowe State University*, 565 S.W.3d 182, 190 (Mo. 2019) (holding an employer's failure to appeal the denial of the plaintiff's visa application did not constitute an adverse action under the MHRA because it did not adversely impact the plaintiff). Plaintiff's brief did not address this point, so it is conceded, and the Court holds Plaintiff cannot establish a prima facie claim of retaliation based on any failure to properly investigate or "meaningfully" reply to his age-discrimination claim.

Accordingly, Kyndryl's motion is GRANTED.

In closing, the Court notes the Petition advanced a third adverse action taken against Plaintiff, namely "failing to interview, respond, or hire him for jobs he was qualified for." Kyndryl did not move to dismiss a claim of retaliation based on these adverse actions, so this theory—and Count III—still remains.

**Conclusion**

Defendant Kyndryl's motion to dismiss two theories under Count III for failure to state a claim under Rule 12(b)(6) is GRANTED. Plaintiff's retaliation claims based on (1) his termination and (2) Kyndryl's alleged failure to investigate or meaningfully reply to his complaint are DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

Date:   June 4, 2026                                  /s/ Greg Kays
                                                      GREG KAYS, JUDGE
                                                      UNITED STATES DISTRICT COURT

Case 4:26-cv-00036-DGK   Document 19   Filed 06/04/26   Page 5 of 5